# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES ASHFORD, et al.**
             **Plaintiffs,**

     **v.**                                   **Case No. 13-C-0771**

**CITY OF MILWAUKEE, et al.,**
             **Defendants.**

---

## <u>DECISION AND ORDER</u>

Nine plaintiffs, all males, have filed this suit against the City of Milwaukee and several of its police officers under 42 U.S.C. § 1983. The plaintiffs allege that the officers violated the Fourth Amendment when they conducted searches of their body cavities and genitalia. The searches occurred on twenty-nine different occasions over a period of about two years. With one exception, each incident involved only one of the plaintiffs. (The exception involved an incident in which two of the plaintiffs were searched.) Some of the plaintiffs were searched multiple times. Some of the defendants are officers who did not search the plaintiffs; they are defendants because they were present during the searches and did not do anything to prevent the searches from occurring. The City of Milwaukee is a defendant because the plaintiffs allege that all searches were carried out pursuant to a City policy or practice, and also because the plaintiffs allege that, under state law, the City must indemnify the individual officers if they are found liable. Other defendants include the chief of police and various supervisors within the Fifth District of the police department, all of whom are sued under a theory of supervisory liability.

The defendants have moved, pursuant to Federal Rule of Civil Procedure 21, to sever the claims of the plaintiffs into separate suits on the ground that all of the plaintiffs and all of the defendants cannot be joined in a single suit. Whether all of the plaintiffs and all of the defendants can be joined in a single suit is governed by Federal Rule of Civil Procedure 20, which provides that multiple persons may join together as plaintiffs, and that multiple persons may be joined together as defendants, when two conditions are met: (1) all claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is at least one question of law or fact common to all plaintiffs and all defendants.

With respect to the first condition, it appears that the plaintiffs' claims against the individual police officers arise out of different transactions or occurrences—each incident in which a plaintiff was detained and searched constitutes a single transaction or occurrence. However, all of these transactions or occurrences are part of the same "series." This is so because a common theme underlying all of the claims is that the searches were performed and assisted by members of the Fifth District's so-called "power shift," which consisted of a small group of officers assigned to target violent crime and drug crimes during the 7 p.m. to 3 a.m. shift. See Am. Compl. ¶ 8. Thus, the first condition to joining all claims involving all plaintiffs and all defendants is satisfied.

With respect to the second condition, it appears that a common question of law or fact common to all plaintiffs and defendants will arise in the action. Specifically, there is a common question of law, which is this: When may a police officer, consistently with the Fourth Amendment, perform a search of a person's genitals, anus, buttocks or pubic area without a warrant? The answer to this question will determine whether the defendants who

2

performed the searches are liable for conducting unreasonable searches. The answer to this question is also relevant to the claims against the "bystander" officers: if the officers who performed the searches did not violate the Fourth Amendment in the first place, then the bystander officers will not be liable for failing to intervene and prevent the searches from occurring. The same is true for the claims against the City and the supervisors: if the officers who performed the searches did not violate the Fourth Amendment, then the City and the supervisors cannot be liable to the plaintiffs. Accordingly, the second condition to joining all claims involving all plaintiffs and defendants is satisfied.

The defendants contend that those of them who are involved in only a subset of the plaintiffs' claims "should not have to defend claims raised by all nine plaintiffs, stemming from all twenty-nine events." Br. in Supp. at 2, ECF No. 42. They submit that "[d]efending more than only those claims raised by only those plaintiffs which assert their personal involvement would be prejudicial and unduly burdensome." Id. This argument does not make sense: why would any defendant feel the need to defend against a claim that is not being asserted against him or her? In any event, Rule 20 makes clear that joinder of defendants is permitted even if some defendants are not "interested in . . . defending against all the relief demanded." Fed. R. Civ. P. 20(a)(3).

The defendants next contend that their likely invocation of the defense of qualified immunity is a reason to prohibit joinder of plaintiffs and defendants. They point out that some, but not all, of them may wish to take immediate appeals from adverse rulings on the question of qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). This, in turn, could delay the trial on the merits involving the claims against other defendants. At this stage of the case, however, the defendants' concern about delay is premature. If

3

as the case proceeds it appears that one of the defendants will be prejudiced by a delay associated with a claim that is not asserted against that defendant, then I may enter an order designed to prevent that prejudice, including an order for a separate trial, under Rule 20(b).

Finally, the defendants contend that litigating all of the plaintiffs' claims against all of the defendants in one action will be extremely complex and burdensome. I am sure that it will be, but it will be less complex and burdensome than litigating all of those claims in nine or more separate lawsuits. Joining all claims in a single action is more efficient and will result in less duplication of efforts, since witnesses can be deposed once instead of nine times, and legal questions common to all claims can be decided in a single motion rather than in nine separate motions.

Accordingly, **IT IS ORDERED** that the defendants' motion to sever is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of January 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

4