UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES ASHFORD, et al.
        Plaintiffs,

v.                                                   Case No. 13-C-0771

CITY OF MILWAUKEE, et al.,
        Defendants.

---

## DECISION AND ORDER

Nine plaintiffs have filed this suit against the City of Milwaukee and several of its police officers and former police officers under 42 U.S.C. § 1983. The plaintiffs allege that they were subjected to searches of their body cavities and genitalia, in violation of the Fourth Amendment. Five of the plaintiffs have used their full names in the complaint, but four of them have used only their initials, and they request permission to withhold their full names from the public-facing records in this case. The four initialed plaintiffs have disclosed their full names to the court in a sealed document, and they state that they will disclose their full names to the defendants. Thus, the only question is whether the plaintiffs should be allowed to prevent the public from learning their full names.

It is well established that anonymous litigation is disfavored and should be permitted only under exceptional circumstances. See Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir.2004). "The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." Doe v. Smith, 429 F.3d 706, 710 (7th Cir.2005). "Identifying the parties to the proceeding is an important

dimension of publicness," as "[t]he people have a right to know who is using their courts." Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 871 (7th Cir. 1997).

The presumption that the parties' identities are public information can be rebutted by showing that the harm to the party requesting anonymity exceeds the likely harm to the defendant and to the public from concealment. City of Chicago, 360 F.3d at 669. Courts usually find that the presumption has been rebutted when the plaintiff is a child, a victim of a sexual assault, or a likely target of retaliation by people who would learn his or her identity only from a judicial opinion or other court filing. Id. Here, the plaintiffs allege that the primary wrongdoer in this case, Michael Vagnini, engaged in conduct that constitutes sexual assault under state law. See Wis. Stat. § 940.225. Plaintiff L.L.R. alleges that Vagnini "put his hands inside L.L.R.['s] underwear and violently probed L.L.R. in his anus." (Am Comp. ¶ 39.) Plaintiff R.C. alleges that Vagnini "inserted his bare hands into R.P.'s pants and rubbed in between R.P.'s testicles and buttocks." (Am. Compl. ¶ 114.) Plaintiff M.C. alleges that Vagnini "put one or two of his bare fingers inside M.C.'s anus." (Am Compl. ¶ 166.) Plaintiff S.C. alleges that Vagnini searched him by "grabbing his testicles with his bare hands and pulling S.C.'s underwear into the crack of his buttocks." (Am. Compl. ¶ 275.) The plaintiffs, understandably, prefer not to disclose to the public that they have been the victims of such conduct, and thus the plaintiffs would suffer nonnegligible harm if their identities were disclosed. On the other side of the balance, the harm to the public in allowing the plaintiffs to proceed using only their initials is slight. Although it is true that the public has a right to know who is using their courts, it is doubtful that the public's understanding of this case will be compromised if four of the nine plaintiffs are permitted to withhold their full names.

A remaining factor to consider is whether the defendants would be harmed if the four plaintiffs were allowed to proceed using only their initials. As noted, the plaintiffs have agreed to disclose their full names to the defendants, and thus the defendants' ability to investigate this case and present their defenses will not be impaired. The only other harm the defendants identify is the logistical burden of redacting the plaintiffs' full names from the documents that they intend to file with the court, such as deposition transcripts and police records. But the defendants have not shown that this burden will be anything other than trivial. Indeed, since documents must be filed with the court electronically, it will not be difficult for the defendants to use the "search" or "find and replace" feature of their software to quickly determine whether any documents they wish to file contain the full names of the initialed plaintiffs.

Having considered the relevant factors, then, I conclude that the harm the plaintiffs would suffer if they were forced to disclose their full names to the public outweighs the harm that the defendants and the public would suffer if the plaintiffs were allowed to proceed without disclosing their full names to the public. Accordingly, the plaintiffs' motions to proceed using pseudonyms will be granted.

For the reasons stated, **IT IS ORDERED** that the motions of S.C., M.C., R.P., and L.L.R. to proceed using pseudonyms (ECF Nos. 19 & 34) are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 2nd day of January 2014.

    s/ Lynn Adelman
    _____
    LYNN ADELMAN
    District Judge

3

Case 2:13-cv-00771-LA   Filed 01/02/14   Page 3 of 3   Document 65