# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES ASHFORD, et al.**
        Plaintiffs,

    v.                                        Case No. 13-C-0771

**CITY OF MILWAUKEE, et al.,**
        Defendants.

---

## DECISION AND ORDER

Before the court is a motion to intervene filed by R.M., who is identified by his initials because of the sensitive nature of his claims. See Jan. 2, 2014 Order, ECF No. 65. Like the existing plaintiffs in this case, R.M. alleges that City of Milwaukee police officers violated his Fourth Amendment rights by performing warrantless searches of his body cavities and genitalia. R.M. argues that he has a right to intervene under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, should be granted permissive intervention under Rule 24(b)(1)(B). The defendants oppose the motion.

First, I conclude that R.M. does not have a right to intervene. Before one can intervene as of right, he must show that existing parties to the action do not adequately represent the interest that he seeks to protect by intervening. R.M. has not explained why he thinks the existing plaintiffs do not adequately represent his interest. Moreover, it is clear to me that the existing parties do adequately represent his interest, as his interest is precisely aligned with the interests of the other plaintiffs. Accordingly, R.M. may not intervene as of right.

However, I will grant R.M. permission to intervene under Rule 24(b)(1)(B). Permissive intervention is allowed when the proposed intervenor files a timely motion and "has a claim or defense that shares with main action a common question of law or fact." In deciding whether to permit intervention, a court must consider whether granting intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Rule 24(b)(3). R.M.'s motion is timely. Further, his claim shares with the main action a common question of law or fact, namely: When may a police officer, consistently with the Fourth Amendment, perform a search of a person's genitals, anus, buttocks or pubic area without a warrant? This is the same question that I identified in my order denying the defendants' motion to sever the original plaintiffs' claims. See January 2, 2014 Order, ECF No. 64.

The defendants contend that permitting R.M. to intervene would cause undue delay and prejudice. They point out that R.M. is represented by different counsel than the existing plaintiffs and that therefore when scheduling depositions an additional lawyer's schedule will need to be taken into consideration. Perhaps the need to accommodate another lawyer's schedule will lead to some delay, but this delay could not possibly be so severe as to offset the efficiency in litigating related claims in a single action. The defendants also claim that allowing intervention will cause delay because R.M.'s attorney will be allowed to participate and ask questions in all depositions, even depositions of witnesses who had no contact with R.M. and have no knowledge of facts related to his claims. But if the witness truly had no contact with R.M. and otherwise has no knowledge of anything related to R.M.'s claims, then R.M.'s attorney would likely not attend the

2

deposition and certainly would not ask so many questions as to cause prejudicial delay to the other parties.

The defendants' remaining concern is that allowing intervention would encourage R.M.'s counsel to attend depositions that have no connection to R.M.'s claims and thereby inflate his claim for attorneys' fees under 42 U.S.C. § 1988. Again, I doubt that R.M.'s counsel would attend depositions of witnesses who have no knowledge relevant to R.M.'s claims, but assuming that he does, and assuming this case progresses to a point where R.M. is entitled to recover reasonable attorneys' fees, then the defendants can argue that R.M. is not entitled to recover fees for the time his lawyer spent attending unrelated depositions.

Accordingly, **IT IS ORDERED** that R.M.'s motion to intervene is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge