# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES ASHFORD, et al.,**
      **Plaintiffs,**

  v.                                          Case No. 13-C-0771

**CITY OF MILWAUKEE, et al.,**
      **Defendants.**

---

## **DECISION AND ORDER**

On consideration of the defendants' motion for a protective order concerning the confidentiality of discovery materials, and the plaintiffs' response to that motion, the court will deny the motion and enter the plaintiffs' proposed protective order. The plaintiffs' proposal, which allows a party to remove a confidentiality designation by redacting the confidential information in the document, better aligns with the policy of conducting in public as much of federal litigation as possible. The defendants do not seem to dispute this, but state that they prefer their order because it mirrors protective orders that have been entered by judges in other cases involving strip searches that have been filed in this district. The defendants state that it "would be extremely burdensome and inefficient for the defense to have to share [discovery] in multiple cases with multiple attorneys, and have the confidentiality of those documents governed by different confidentiality orders which use different language and involve different parameters." Lappen Aff. ¶ 13, ECF No. 183. However, the definition of confidential information is the same in the plaintiffs' proposal as it is in the defendants' proposal and in the confidentiality orders entered in the other strip-search cases. For this reason, entering the plaintiffs' proposal will not require the

defendants to remove confidentiality designations that they made in the other cases or add confidentiality designations that they omitted. I can envision no other extreme burden or inefficiency that might arise if I enter the plaintiffs' proposed confidentiality order, and the defendants have not identified any. Therefore, I will enter the plaintiffs' proposed order.

In their briefing on the motion for a protective order, the parties raise one other issue, which is whether the defendants will produce to the plaintiffs copies of transcripts of depositions taken in other cases of witnesses having information relevant to this case. The purpose of having the defendants produce the transcripts is to shorten the depositions of the same witnesses in this case. At recent status conference, I thought that the defendants had agreed to produce the transcripts. Apparently, however, that agreement was conditioned on the court's entering a protective order that is similar to the protective orders entered in the other cases, see Lappen Aff. ¶ 11, and for reasons that are not clear to me, the defendants do not think that the plaintiffs' proposed protective order is similar enough to the other orders to allow them to produce the transcripts. This has prompted the plaintiffs to ask me to order the defendants to produce the transcripts. However, the plaintiffs cite no authority that would allow me to order the defendants to produce deposition transcripts that are subject to protective orders entered by judges in other cases. Therefore, I cannot grant the plaintiffs' request. Still, the purpose of producing the transcripts was to prevent the depositions in this case from exceeding the seven-hour limit. See Fed. R. Civ. P. 30(d)(1). If the plaintiffs think that a deposition of a witness may take longer than seven hours, they may file a motion requesting additional time.

For the reasons stated, **IT IS ORDERED** that defendants' motion for a protective order (ECF No. 182) is **DENIED**. I will sign the plaintiffs' proposed protective order.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2014.

s/ Lynn Adelman
LYNN ADELMAN
District Judge