# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JAMES ASHFORD, et al. ) | |
| ) | No. 2:13-cv-00771-LA |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF MILWAUKEE, et al. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

---

## PLAINTIFF R.M'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, R.M., by his attorneys, Alex Flynn & Associates S.C., and complaining of Defendants, City of Milwaukee, Chief Edward Flynn, Assistant Chief Edith Hudson, Sergeant Jason Mucha, Officer Michael Vagnini, Zachary Thoms, Louis Kopesky, Gregory Kuspa, Jeffrey Cline and Unknown Milwaukee Police Department Employees & Officers, ("Defendant Officers"), states as follows:

### I. INTRODUCTION

1.  This is a civil rights action for damages brought by R.M., a citizen of the City of Milwaukee against officers of the Milwaukee Police Department ("MPD") and the City of Milwaukee. The officers named include but are not limited to Michael Vagnini, Zachary Thoms, Louis Kopesky, Gregory Kuspa, and Jeffrey Cline. On or about January 28, 2012, the officers sexually assaulted R.M. This was done to deprive R.M. of his civil rights. The officers acted under

color of law and in their official and/or individual capacities to violate R.M.'s right to personal security under the Fourteenth and Fourth Amendments to the U.S. Constitution which rights are secured by 42 U.S.C. § 1983.

## II. JURISDICTION & VENUE

2.  This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

3.  Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in Milwaukee County, and the events giving rise to the claims asserted herein all occurred within Milwaukee County.

## III. PARTIES

4.  Plaintiff R.M. (D/O/B 12/22/1984), is a United States citizen and City of Milwaukee resident who currently resides at Chippewa Valley Correctional, 2909 E Park Ave, Chippewa Falls, WI 54729.

5.  Defendant, Edward Flynn is and was at all times relevant to this action, the Chief of the Milwaukee Police Department acting under the color of the law and within the scope of his employment. He is being sued in both his individual and official capacities.

6.  Defendant Edith Hudson was at all times relevant to this action the Captain of the Fifth District of the Milwaukee Police Department, acting under color of law and within the scope of her employment.

7.  Sergeant Jason Mucha was a supervisor in the Fifth District and of its "power shift," consisting of a small group of officers assigned to target violent and drug crime during the 7pm-3am

shift. At all times relevant to this action, he acted under color of law and within the scope of his employment.

8. Police Officer Michael Vagnini was at all relevant times a Milwaukee Police Officer who was acting under color of law and within the scope of his employment.

9. Police Officer Zachary Thoms was at all relevant times a Milwaukee Police Officer who was acting under color of law and within the scope of his employment.

10. Police officer Louis Kopesky was at all relevant times a Milwaukee Police Officer who was acting under color of law and within the scope of his employment.

11. Police Officer Gregory Kuspa was at all relevant times a Milwaukee Police Officer who was acting under color of law and within the scope of his employment.

12. Police Officer Jeffrey Cline was at all relevant times a Milwaukee Police Officer who was acting under color of law and within the scope of his employment.

13. Unknown Defendants are current and/or former employees, officers, and/or supervisors of the Milwaukee Police Department who at all relevant times were acting under color of law and within the scope of their employment.

14. The City of Milwaukee, a municipal corporation whose principal office is located at 200 East Wells Street, City and County of Milwaukee, Wisconsin 53202.

### IV. FACTUAL ALLEGATIONS

15. On or about January 28, 2012, plaintiff R.M,. was a passenger in a car driven by Marvin Kimble.

16. Sometime between 9:00 p.m. and 10:00 p.m., just as Mr. Kimble was preparing to turn into the Cousin's Sandwich shop on the corner of Fratney Street and Capitol Drive in the City

of Milwaukee, State of Wisconsin, an unmarked, white four door car pulled in front of their car forcing Mr. Kimble to bring the vehicle to a stop. Soon after, two additional marked MPD squad cars pulled onto the scene.

17. The officer in the white, unmarked car approached the driver's side of the vehicle. R.M. and Mr. Kimble were not told why they were pulled over by the officer, rather were repeatedly asked what they were doing in that neighborhood and whether or not they were on probation.

18. Mr. Kimble and R.M. were then ordered out of the vehicle and placed behind one of the marked squad cars while their vehicle and persons were searched.

19. While his hands were on his head, an officer began to search R.M. by placing his hand into R.M.'s pants, first grabbing his penis and testicles in an abusive and degrading manner, stating something to the effect of "People like to put stuff under their nuts". He than deliberately, abusively and in a similarly degrading manner, reached his hand down the back of R.M.'s pants and slid his fingers across his anus. The officer twice slid his finger's across R.M.'s anus.

20. R.M. and Kimble were then released from the scene of the traffic stop without any citations being issued.

21. All of this was done without R.M.'s consent, against his will, under color of law and was abusive, violent and degrading.

22. The illegal stop and sexual assault lasted approximately 25 minutes.

23. R.M. filed a complaint with the Fire and Police Commission on January 31, 2012.

24. The officers deprived R.M. of his rights by the unlawful seizure of him from the car, by using excessive force, and the cruel assault inflicted on him, all of which violated his Fourth Amendment rights, his substantive due process rights and his equal protection rights under the

4

Case 2:13-cv-00771-LA   Filed 09/30/14   Page 4 of 11   Document 208

Fourteenth Amendment, including his right to be free from the unreasonable use of force by a person acting under color of law.

25. Officers Kopesky, Cline, Thoms, Kuspa, and Unknown Officers deprived R.M. of his aforementioned rights by either acting in concert and aiding and abetting the actual assailant or by failing to act to protect the rights of R.M., thus enabling Officer Vagnini to sexually assault R.M.

26. The City of Milwaukee and its police department have not adequately screened and trained its officers to enforce the constitutional rights of the citizens of Milwaukee. The city and its police department have been deliberately indifferent about the training of its officers and this lack of training caused this assault and is causal of R.M's injuries.

27. As a result of the above referenced incidents, R.M. suffered permanent physical and psychological injuries including shame, humiliation, fear and indignity that came with these sexual assaults.

## VI. CONSTITUTIONAL CLAIMS

28. Each of the paragraphs in this Amended Complaint are incorporated as if restated fully herein.

29. Officers Michael Vagnini, Zachary Thoms, Louis Kopesky, Gregory Kuspa, Jeffrey Cline and Unknown Milwaukee Police Department Officers, acting in concert, and under color of law, deprived R.M. of his civil and constitutional rights through negligently and intentionally:

- conducting an unlawful traffic stop without probable cause nor reasonable suspicion that a crime had been committed
- conducting an unauthorized and thus illegal body cavity search.
- sexual assaulting and battering him

5

- using excessive force
- false imprisonment

30. These actions were the proximate cause of R.M.'s injuries.

31. Further, officers, in concert and independently, aided and abetted or failed to protect R.M. by omission, silence and/or tacit endorsement of his treatment. Said individuals' conduct is also a proximate cause of R.M.'s injuries

32. The conduct of all the officers deprived the plaintiff of his Fourth Amendment rights, his equal protection rights, due process and liberty interests under the Fourteenth Amendment to the United States Constitution, within the meaning of 42 U.S.C. § 1983.

33. The Fourth Amendment and the Due Process Clause of the Fourteenth Amendment require that all searches must be reasonable. In order to be reasonable, an invasive body cavity search must be supported by probable cause and a warrant, absent a showing of exigency, and must be conducted in a private, medically proper manner.

34. Under Wisconsin Law, it is illegal for police officers to perform body cavity searches of persons suspected of secreting contraband in their bodies. Body cavity searches are illegal unless performed by a physical, physician assistant or a registered nurse licensed to practice in the State of Wisconsin. *See* Wis. Stat. § 968.255 (3).

35. As described in the preceding paragraphs, the Defendant Officers violated the plaintiff's Fourth and Fourteenth Amendment rights when they seized him without justification or probable cause and conducted an illegal search of his body by touching his genitals and conducting a cavity search.

36. Defendant, Officer Vagnini, has no medical training and conducted this warrantless cavity search in a public setting.

6

37. No exigent circumstances existed, nor would they have justified Officer Vagnini's warrrantless cavity search and forcible intrusion into R.M.'s body.

38. Upon information and belief, on or about March 2012, the Milwaukee County District Attorney's Office initiated a "John Doe" proceeding to investigate the allegations of illegal strip and cavity searches within the Milwaukee Police Department.

39. Upon information and belief, the "John Doe" proceeding resulted in testimony from 30 victims of illegal strip and cavity searches performed by the Milwaukee Police Department.

40. On October 8, 2012, the State of Wisconsin charged Officer Vagnini, and other officers for their criminal conduct with respect to illegal body cavity and strip searches of Milwaukee citizens.

41. In the criminal complaint, the State charged defendant Vagnini with two counts of illegal cavity searches, eight counts of illegal strip searches, four counts of second degree sexual assault, one count of third degree sexual assault, two counts of fourth degree sexual assault, and eight counts for misconduct in public office/act in excess of lawful authority. *See* attached Vagnini Criminal Complaint, Ex. 2.

42. The criminal complaint also indicates that "RM" testified under oath on March 30, 2012, regarding the aforementioned sexual assault. During his testimony, "RM" testified that the description of the officer that conducted the illegal cavity search matched the appearance of Officer Vagnini. *Id.* at p 10.

43. Officer Vagnini was charged with illegal strip search and misconduct in public office (Counts 15 and 16) as it pertains to the sexual assault of "RM." *Id* at p 4.

44. Moreover, the criminal complaint states that Detective Justin Carloni confirmed via Milwaukee Police Department reports that Officer Michael Vagnini was involved in this particular stop. *Id.* at p 10.

45. The criminal complaint also indicates that there were additional MPD officers involved in the stop. *Id.*

46. On November 15, 2012, the State filed a Criminal Information adding two additional counts against defendant Vagnini for false imprisonment and misconduct in office.

47. On April 22, 2013, defendant Vagnini entered into a no contest plea to four misdemeanor charges of illegal strip/cavity searches (Counts 1, 4, 6, and 9) and four felony charges of misconduct in office/excess authority (Counts 3, 5, 8, 11).

48. On June 21, 2013, the court sentenced defendant Vagnini to 26 months imprisonment and 34 months of extended supervision.

49. As early as 2008, Internal Affairs and other municipal authorities received complaints about Defendant Officers' unlawful strip and body cavity searches of citizens.

50. Despite the similarity amongst the complaints over the years, Internal Affairs consistently found no merit to these complaints, ignoring the existence of a clear pattern of misconduct. Further, Internal Affairs did not recommend discipline for any of the officers subject to complaints.

51. Defendant Flynn, in a Journal Sentinel article dated March, 22 2012, admitted that the Department had been receiving complaints for a "couple of years" before it decided to open its own investigation into the allegations. *See* attached March 22, 2012 Journal Sentinel Article, Ex. 3.

52. Despite their personal knowledge of the illegal searches, the Department, including but not limited to Defendants Flynn, Hudson, and Mucha, took no action to train, supervise, or discipline the officers who committed these unauthorized, illegal searches.

53. On the contrary, some of the Defendant Officers were rewarded with commendations for their aggressive police tactics by their supervisors including commendations from Defendant Flynn.

54. The Milwaukee Police Department and the City of Milwaukee also violated the R.M.'s Fourth Amendment rights, his equal protection rights, substantive due process and liberty interests under the Fourteenth Amendment to the United States Constitution because of the deliberate indifference to the shocking conduct of its police officers, caused by their own policies, practices and customs, as well as its inadequate and improper training of the officers.

55. As a result of the City of Milwaukee's policy and practice and the outrageous conduct of the Defendant Officers, R.M. suffered permanent and life long psychological injuries including emotional distress.

### V. *MONELL* CLAIM

56. R.M. re-alleges paragraphs 1-55 in this Amended Complaint as if fully stated herein.

57. At all times material to this action, the actions of defendants, Vagnini, Thoms, Kopesky, Cline and the Unknown Officers as alleged herein, were done pursuant to the policies, practices and/or customs of the City of Milwaukee, the Milwaukee Police Department, the Fire and Police Commission and the Chief of Police.

58. The illegal cavity search endured by R.M. is a part of a pattern of unconstitutional acts both committed and facilitated by MPD officers, the Fire and Police Commission, and the Chief of Police.

59. The unconstitutional policies, practices and customs, include: (a) the deficient hiring policy; (b) the failure to train policy; (c) the failure to discipline policy; and (d) the custom of tolerating constitutional rights violations, specifically illegal body cavity searches.

60. When R.M. was assaulted in January of 2012, MPD, was aware of similar complaints made by numerous individuals, however, the department rarely made findings of wrongdoing.

61. In fact, in spite of the numerous citizens' complaints, describing the illegal practices being utilized by MPD officers, the searches continued over a period of years, demonstrating that this is an accepted policy within the Department.

62. Because the MPD, the City and Fire Police Commission failed to take responsive action to these outrageous violations, these various officers actions went unaddressed resulting in the sexual assault of R.M.

63. Therefore, the aforementioned policies, practices and/or customs of failing to hire, train, supervise, monitor, discipline, and control police officers, and acceptance of unreasonable searches and seizures and wrongful arrests were the proximate cause of the constitutional violations resulting in injury to the R.M.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Court:

1. Enter judgement for the plaintiff against each defendant, jointly and severally, awarding compensatory damages and also punitive damages against the individual defendants.

2. Award prejudgement interest, together with costs, disbursements and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

3. Award indemnification to the individual defendants from the City of Milwaukee pursuant to Wisconsin statue § 895.46.

4. Award such other relief as may be just and equitable.


Dated at Milwaukee, Wisconsin, this <u>2nd</u> day of September 2, 2014

                            ALEX FLYNN & ASSOCIATES, S.C.


                            By: s/Alex Flynn
                                Alex Flynn
                                Attorney for the Plaintiff R.M.
                                State Bar No. 1015056

POST OFFICE ADDRESS
1223 North Prospect Avenue
Milwaukee, WI 53202
(t) 414/276-7400
(f) 414/276-5525
(email) alex@alexflynn.com